UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER and VIVIAN N. PACE,
a husband and wife,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., a federally
chartered bank, FANNIE MAE, a
federally chartered corporation,

    Defendants.
_____/

Case No. 12-12014

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

Before the court is Defendants' motion to dismiss, filed September 11, 2012. Plaintiffs filed a response on September 27, 2012. Defendant submitted a reply brief on October 11, 2012. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

**BACKGROUND FACTS**

This is a wrongful foreclosure case. On March 31, 2003, Plaintiff Roger Pace obtained a loan in the amount of $200,000 from Countrywide Home Loans, Inc. to refinance the property located at 5345 Meldrum Road, Casco Township, Michigan ("the property"). As security for the loan, Roger and Vivian Pace granted a mortgage on the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide and its successors and assigns. On September 8, 2011, MERS assigned the mortgage to Defendant Bank of America, N.A. The assignment was recorded by the St. Clair County Register of Deeds on October 12, 2011.

Plaintiffs defaulted on their loan and in October 2011, Bank of America initiated foreclosure proceedings. A notice pursuant to M.C.L. § 600.3205a(1) and (2) was mailed to the Plaintiffs on October 26, 2011; a notice of foreclosure was posted on the property on February 4, 2012. Notices of foreclosure were published in the Port Huron Times Herald on January 26, February 2, February 9, and February 16, 2012. A foreclosure sale was held on February 23, 2012, and Bank of America purchased the property. On March 20, 2012, Bank of America conveyed its interest in the property to Defendant Fannie Mae by quit claim deed, which was recorded on April 2, 2012. The redemption period expired on August 23, 2012; Plaintiffs did not attempt to redeem the property.

## LAW AND ANALYSIS

Plaintiffs filed this action to quiet title on April 5, 2012, in St. Clair County Circuit Court; Defendants removed the case to this court on May 3, 2012. In their motion to dismiss, Defendants argue primarily that Plaintiffs do not have standing to challenge the foreclosure sale, because the redemption period has expired. See e.g., Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Luster v. MERS, Inc., 2012 WL 124967 at *2 (E.D. Mich. Jan. 17, 2012) (noting that Michigan law "bar[s] former owners from making any claims with respect to foreclosed property after the end of the redemption period"); Paige v. Everhome Mortgage Co., 2012 WL 3640304 at *2 (Mich. App. Aug. 23, 2012) (finding plaintiff's rights to property "extinguished" after expiration of redemption

period).

In order to overcome this hurdle and toll the redemption period, Plaintiffs must demonstrate fraud or irregularity in connection with the foreclosure sale. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342 at *1 (citation omitted). See also Sweet Air Investment, Inc. v. Kenney, 275 Mich. App. 492, 497 (2007) ("[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."). "The purported defect must be in the sale process itself." Pettey v. Citimortgage, Inc., 2012 WL 3600342 at *6 (E.D. Mich. Aug. 21, 2012) (citation omitted).

In this case, Plaintiffs do not allege fraud in connection with the foreclosure sale. Rather, they contend that Bank of America is not the owner of the indebtedness and thus did not have the power to conduct the foreclosure sale. This argument has been repeatedly rejected by Michigan state and federal courts. See Residential Funding LLC v. Saurman, 490 Mich. 909-910 (2011); Everbank v. Zeer, 2012 WL 1890184 (Mich. App. May 24, 2012) ("[A]n entity has standing to foreclose upon properties for which it is the record-holder of the mortgage, even if it does not own the underlying debt."); Hargrow v. Wells Fargo Bank, N.A., 2012 WL 2552805 at *3 (6th Cir. July 3, 2012) (holding record-holder of mortgage has right to foreclose by advertisement under Michigan law). Here, Bank of America was the record-holder of the mortgage and thus had the authority to foreclose by advertisement under M.C.L. 600.3204.

Plaintiffs also argue that Bank of America violated Articles 3 and 9 of the Uniform Commercial Code and therefore did not have a valid mortgage interest in the property. Article 3

-3-

of the UCC does not apply to a mortgage for real property, because it is not a negotiable instrument.  See Schare v. MERS, 2012 WL 2031958 at *2 (E.D. Mich. June 6, 2012); Jaboro v. Wells Fargo Bank, N.A., 2010 WL 5296939 at * 6 (E.D. Mich. Dec. 20, 2010).  Article 9 of the UCC applies to personal property, not real property.  Tate v. BAC Home Loan Serv., 2011 WL 3957554 at *5 (E.D. Mich. Aug. 5, 2011).  Accordingly, Plaintiffs' argument is without merit.  See also Schare, 2012 WL 2031958 at *1-2 (noting that the argument that the defendant did not meet the UCC's requirements to enforce a negotiable instrument "was explicitly presented to the Michigan Supreme Court in Saurman" and "rejected *sub silentio*").

Plaintiffs have not alleged fraud or irregularity in the foreclosure sale sufficient to overcome the fact that the redemption period has expired and all of their rights and title to the property have been extinguished.  Plaintiffs are barred under Michigan law from making any claims to the property after the redemption period.  Accordingly, the court will grant Defendants' motion to dismiss.

## **ORDER**

IT IS HEREBY ORDERED that Defendants' September 11, 2012 motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' October 19, 2012 motion for injunctive relief is DENIED AS MOOT.

s/John Corbett O'Meara  
United States District Judge

Date:  November 27, 2012

  I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, November 27, 2012, using the ECF system.

            <u>s/William Barkholz</u>
            Case Manager